UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DENNIS LLOYD HO-HING,
Petitioner,
v.
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.
Respondents.

Case No.: 26cv5752-LL-DDL

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 6]

Before the Court is Petitioner Dennis Lloyd Ho-Hing's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 6 ("Pet."). Respondents filed a Return [ECF No. 7], and Petitioner filed a Traverse [ECF No. 8]. For the reasons set forth below, the Court **GRANTS** the Amended Petition.

## I. BACKGROUND

Petitioner is a citizen of Jamaica who entered the United States as a lawful permanent resident in 1983. Pet. at 2; ECF No. 6-1, Declaration of Dennis Lloyd Ho-Hing ("Ho-Hing Decl."), ¶ 1. In 2008, Petitioner was convicted in Florida for felony possession of a controlled substance (cocaine) and sentenced to ten days in jail. ECF No. 7-1 at 3; ECF No. 7 at 2 & n.1; Ho-Hing Decl. ¶ 2.

In 2026, Petitioner was arrested for driving on a suspended license and taken to jail. Ho-Hing Decl. ¶ 3; ECF No. 7-1 at 2–3. Immigration and Customs Enforcement ("ICE") submitted an immigration detainer to the jail. *Id.* at 3. Upon release, Petitioner was transferred to ICE custody. Ho-Hing Decl. ¶ 3; ECF No. 7-1 at 3–4.

A Notice to Appear dated April 24, 2026 initiated removal proceedings for Petitioner and stated that he was admitted to the United States but removable for, *inter alia*, his 2008 conviction for possession of cocaine pursuant to Section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), which is codified at 8 U.S.C. § 1227(a)(2)(B)(i). ECF No. 7-2.

Petitioner was transferred to Imperial Regional Detention Facility, where he remains detained. Ho-Hing Decl. ¶ 4. On September 29, 2026, an immigration judge denied Petitioner's request for cancellation of removal for lawful permanent residents under section 240A(a) of the INA, which is codified at 8 U.S.C. § 1229b(a), and ordered his removal to Jamaica. ECF No. 7-3. On October 14, 2026, Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), which remains pending. ECF No. 7-4; Ho-Hing Decl. ¶ 4.

On October 22, 2026, Petitioner filed the instant Amended Petition. Pet.

## II. LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

/ / /

/ / /

## III. DISCUSSION

Petitioner alleges that Respondents bear the burden of showing that Petitioner's conviction relates to a federally controlled substance. Pet. at 3. He also argues that his arrest was unlawful because he was arrested without a warrant or a Notice to Appear. *Id.* at 4. Finally, Petitioner claims that his prolonged detention without an individualized bond hearing violates due process. *Id.* at 8.

Respondents contend that Petitioner is properly subject to mandatory detention under 8 U.S.C. § 1226(c) because he was convicted of a felony cocaine offense. ECF No. 7 at 3. They also argue that Petitioner has not established a due process violation under *Demore v. Kim*, 538 U.S. 510 (2003), or under a factor-based test. ECF No. 7 at 3–10.

### A. 8 U.S.C. § 1226(c)

Section 1226(c) requires mandatory detention of certain criminal noncitizens, including those who are "deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B).

Section 1227(a)(2)(B) states that any noncitizen "who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." 8 U.S.C. § 1227(a)(2)(B)(i).

Section 802 of title 21 defines "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6). In the schedules of controlled substances, cocaine is listed in schedule II. 21 U.S.C. § 812.

The Court finds Petitioner is properly detained under § 1226(c). Respondents produced Petitioner's Form I-213 and the Notice to Appear, which both document his 2008 conviction for possession of cocaine. ECF Nos. 7-1 at 3; 7-2 at 2; *see also* ECF No. 2 at 2 & n.1. Petitioner acknowledges his conviction for "simple drug possession" and although

he does not specify which drug, he does not contend that it was for a drug other than cocaine. *See* Ho-Hing Decl. ¶ 2; ECF No. 8 at 2–3. Because conviction for possession of cocaine—a schedule II controlled substance—satisfies § 1226(c), Petitioner is properly detained. *See* 8 U.S.C. § 1226(c)(1)(B); 8 U.S.C. § 1227(a)(2)(B)(i); 21 U.S.C. § 812. His status as a lawful permanent resident does not change this determination. *See Denmore*, 538 U.S. at 513–16 (upholding the constitutionality of mandatory detention for certain criminal noncitizens under § 1226(c) in a case involving a lawful permanent resident).

Furthermore, § 1226(c) does not require a warrant before detention, so the Court does not find that Petitioner's arrest was unlawful. *See* 8 U.S.C. §1226(c).

**B. Prolonged Detention**

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore*, 538 U.S. at 523 (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "At the same time, however, this Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Id.*

In *Denmore*, the Supreme Court rejected a facial challenge to the constitutionality of § 1226(c), holding that certain criminal noncitizens may be mandatorily detained "for the brief period necessary for their removal proceedings." *Id.* at 513. However, the Supreme Court has acknowledged that "as-applied challenges—that is, constitutional challenges to applications of the statute" are not foreclosed. *Nielsen v. Preap*, 586 U.S. 392, 420 (2019); *see Demore*, 538 U.S. at 532 (Kennedy, J., concurring) ("[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as respondent could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." (citations omitted)).

/ / /

/ / /

Although the Ninth Circuit has not yet decided whether due process could require a bond hearing for prolonged detention under § 1226(c), other circuits have found it does. *See Black v. Decker*, 103 F.4th 133, 145 (2d Cir. 2024), *cert. granted sub nom. Genalo v. Black*, 146 S. Ct. 2733 (2026), and *cert. dismissed sub nom. Genalo v. Black*, No. (R46-21 / OT 2025), 2026 WL 2752021 (U.S. Sept. 16, 2026) ("The Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing; at some point, additional procedural protections—like a bond hearing—become necessary."); *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021) ("[W]e adhere to the notion that 'the Due Process Clause imposes some form of "reasonableness" limitation upon the duration of detention . . . under [section 1226(c)].'" (ellipsis and second alteration in original) (citation omitted)); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020) (noting that "§ 1226(c) is unconstitutional when applied to detain an alien unreasonably long without a bond hearing").

This Court joins those courts who—like the First, Second, and Third Circuits—have found that unreasonably prolonged detention under 8 U.S.C. § 1226(c) without a bond hearing violates due process. *See, e.g.*, *Dopazo-Barroso v. Warden of Imperial Reg'l Det. Facility*, No. 3:26-CV-1558-CAB-DEB, 2026 WL 2337560, at *2 (S.D. Cal. Aug. 12, 2026) (citation omitted); *Maldonado-Romero v. Warden of Imperial Reg'l Det. Facility*, No. 3:26-CV-02366-RBM-SBC, 2026 WL 1333758, at *3 (S.D. Cal. May 13, 2026) (citation omitted); *Blake v. Mullin*, No. 3:26-CV-00844-BTM-SBC, 2026 WL 913130, at *2 (S.D. Cal. Apr. 2, 2026) (collecting cases).

Though there is no brightline test to determine whether due process requires a bond hearing in immigration detention cases, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention becomes unreasonably prolonged and violates due process: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final

order of removal." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019) (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019)).

The Court first considers the length of detention and likely duration of future detention. The total length of detention to date is considered the most important factor. *Id.* To date, Petitioner has been in immigration detention for about seven months. Courts have found detentions of similar duration without a bond hearing weigh toward a finding that they are unreasonable. *See, e.g.*, *Black v. Decker*, 103 F.4th 138–39 (affirming district court judgment ordering bond hearing for petitioner detained seven months under § 1226(c) without a bond hearing); *Maldonado-Romero v. Warden of Imperial Reg'l Det. Facility*, No. 3:26-CV-02366-RBM-SBC, 2026 WL 1333758, at *3 (S.D. Cal. May 13, 2026) (nearly seven months); *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (nearly nine months); *Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018) (over seven months); *Gordon v. Shanahan*, No. 15 CV. 261, 2015 WL 1176706, at *3 (S.D.N.Y. Mar. 13, 2015) (over eight months). In *Denmore*, the Supreme Court believed that detention under § 1226(c) would last "roughly a month and a half in the vast majority of cases" and "about five months" if the noncitizen chose to appeal. *Denmore*, 538 U.S. at 530. Petitioner's detention exceeds five months. Therefore, the Court finds the length of detention weighs in favor of Petitioner. Petitioner's future detention can last several more months or even years during the adjudication of his appeal to the BIA and if unfavorable, his appeal to the Ninth Circuit. *See Banda*, 385 F. Supp. 3d at 1119 (finding an appeal to the BIA and subsequent judicial review "may take up to two years or longer"). The Court finds the duration of future detention also weighs in favor of Petitioner.

In considering the conditions of detention, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (second alteration in original) (citation omitted); *see also German Santos*, 965 F.3d at 211 (noting that "[r]emoval proceedings are civil, not criminal" and "[s]o if an alien's civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable"

(citations omitted)). Petitioner is detained at Imperial Regional Detention Facility. "Courts in this District 'have recognized that the conditions in local detention centers are indistinguishable from penal confinement.'" *Wang v. Warden, Imperial Reg'l Det. Facility*, No. 3:26-CV-04638-RBM-SBC, 2026 WL 2584993, at *2 (S.D. Cal. Sept. 1, 2026) (quoting *Popov v. Warden of Imperial Det. Facility*, No. 26-CV-1174-JES-BLM, 2026 WL 936952, at *4 (S.D. Cal. Apr. 7, 2026)). The Court finds this factor weighs in favor of Petitioner.

The fourth and fifth factors concern delays in the removal proceedings caused by Petitioner or the government. Although Petitioner's appeal to the BIA will lengthen the process, the Court will not hold his "good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings." *German Santos*, 965 F.3d at 211 (citation omitted). There is no indication that Petitioner's appeal was made in bad faith. The Court finds no showing that either side has caused undue delays, so these factors are neutral.

In considering the "likelihood that the removal proceedings will result in a final order of removal," the Court considers "whether the noncitizen has asserted any defenses to removal." *Banda*, 385 F. Supp. at 1120 (citations omitted). The Court finds this factor is neutral because it is unclear what the result of Petitioner's appeal will be.

Considering all the factors, the Court finds Petitioner's mandatory detention under § 1226(c) has become unreasonable and that due process requires that he be provided with a bond hearing.[1] *See Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any

---

[1] Respondents contend that the Court should use the three-factor test in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). ECF No. 7 at 8. The *Lopez* test is similar to the *Banda* test, but considers only the length of detention to date, the likely duration of future detention, and the delays caused by the petitioner and the government. *Id.* Therefore, the result would be the same because the length of current and future detention weigh in Petitioner's favor and the delay factor is neutral.

process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."); *Lopez v. Garland*, 631 F. Supp. 3d 870, 877 (E.D. Cal. 2022) (finding that "unreasonably prolonged mandatory detention under 8 U.S.C. § 1226(c) without an individualized bond hearing violates due process").

At the bond hearing before a neutral immigration judge, "the government must justify the continued confinement of a non-citizen detainee under § 1226(c) by clear and convincing evidence that the non-citizen is a flight risk or a danger to the community." *Maldonado-Romero*, 2026 WL 1333758, at *4 (quoting *Sanchez-Rivera v. Matuszewski*, No. 22-CV-1357-MMA (JLB), 2023 WL 139801, at *7 (S.D. Cal. Jan. 9, 2023)); *see Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (noting that due process requires "the government to prove dangerousness or risk of flight by clear and convincing evidence" at a bond hearing for noncitizens subject to prolonged detention (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011))); *German Santos*, 965 F.3d at 213 (holding that "once detention under § 1226(c) has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary").

Accordingly, the Court **GRANTS** the Amended Petition.

## IV. CONCLUSION

For the reasons set forth above, the Court **ORDERS**:

1. Mr. Ho-Hing's Amended Petition for Writ of Habeas Corpus is **GRANTED**.

2. The government shall provide Mr. Ho-Hing with an individualized bond hearing before an immigration judge within **<u>fourteen (14) days</u>** of the date of this order, unless Mr. Ho-Hing requests a continuance.

    a. At the hearing, the government **SHALL BEAR** the burden of establishing by clear and convincing evidence that Mr. Ho-Hing would likely flee or pose a danger to the community if released.

    b. If requested by Mr. Ho-Hing, the government shall assist Mr. Ho-Hing in obtaining an audio recording of the bond hearing.

3. The Clerk of Court shall enter judgment in Mr. Ho-Hing's favor and close this case.

**IT IS SO ORDERED**.

Dated: November 23, 2026

Honorable Linda Lopez
United States District Judge